UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INC. *and* SIERRA CLUB, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-4969 |
| EXXON MOBIL CORPORATION, *et al.*, | § § § | |
| *Defendants*. | § § | JUDGE DAVID HITTNER |

**EXXONMOBIL DEFENDANTS' SUPPLEMENTAL
EXPERT DESIGNATIONS AND RULE 26(A) DISCLOSURES**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, and ExxonMobil Refining and Supply Company (collectively, "the ExxonMobil Defendants") respectfully submit, in accordance with the Court's Rule 16 Scheduling Order, the following supplements to the ExxonMobil Defendants' initial disclosures of potential expert testimony pursuant to Fed. R. Civ. P. 26(a)(2). These disclosures supplement, and do not supplant or replace, prior disclosures made by the ExxonMobil Defendants.

## I.    Retained Experts

**Christopher S. Buehler, Ph.D., P.E.**
**Senior Managing Engineer**
**Exponent Failure Analysis Associates**
**Houston, Texas**

Dr. Buehler may offer opinions at trial concerning the matters discussed in his supplemental report in this case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others:  whether any of the events alleged by the plaintiffs to constitute violations of the Clean Air Act have causes that could properly be termed repeated or recurring; the cause of emissions events and scheduled maintenance, startup, or shutdown activities ("MMS"); the application of industry standards and practices to relevant design, operations, and maintenance practices and procedures employed at the Baytown Complex; the application of regulatory standards and practices to the methods and practices by which ExxonMobil estimates emissions quantities; comparisons of emissions events and scheduled MMS, and the emissions from them, between the Baytown Complex and other industrial facilities; and the efficacy and advisability of additional capital expenditures, facilities, and equipment proposed by plaintiffs and their witnesses.

**David B. Cabe, P.E., QEP**
**Principal Engineer**
**Zephyr Environmental Corporation**
**Austin, Texas**

Mr. Cabe may offer opinions at trial concerning the matters discussed in his supplemental report in the case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others:  ambient air quality monitoring and atmospheric dispersion modeling with respect to emissions from the Baytown Complex; the opinions offered by plaintiffs and their experts with respect to such modeling and monitoring; and the absence of evidence to suggest that certain reportable and recordable events involving emissions from the Baytown Complex caused or contributed to a condition of air pollution or to an exceedance of applicable air quality standards.

**Jeff Civins**
**Haynes and Boone, LLP**
**Austin, Texas**

Mr. Civins may offer opinions at trial concerning the matters discussed in his expert report in the case, which is being served on counsel for Plaintiffs.  This testimony concerns the following matters, among others:  the federal and state regulatory oversight system under which the Baytown Complex operates; the application of that regulatory oversight system to the events alleged by the plaintiffs in this case; and whether "citizen suit" enforcement of the Clean Air Act is warranted or justified given the scope and extent of regulation of, and

enforcement against, the Baytown Complex and emissions from those facilities by governmental entities, including the U.S. Environmental Protection Agency and the Texas Commission on Environmental Quality.

**Lucy H. Fraiser, Ph.D.**
**Senior Toxicologist/Operations Manager**
**AECOM Corporation**
**Austin, Texas**

Dr. Fraiser may offer opinions at trial concerning the matters discussed in her supplemental report in the case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others:   the absence of evidence linking air emissions from the Baytown Complex to health effects on local residents or their use and enjoyment of property; the application of relevant and appropriate standards protective of human health to levels of emissions from the Baytown Complex; odor and opacity nuisances and the applicable standards; the appropriateness of air dispersion modeling and analysis of air monitoring data to determine the effects, if any, on surrounding communities from emissions from the Baytown Complex; the regulatory system in place to govern emissions events and determinations of effects, if any, on human health from those emissions; and the Baytown Complex's operation with emissions of pollutants that fall below those levels determined by the appropriate regulatory agencies to be harmful to human health or well-being, or to cause or contribute to conditions of air pollution; and, evaluation of the results of ambient air quality monitoring and atmospheric

4

dispersion modeling related to certain reportable and recordable events involving emissions from the Baytown Complex.

**Alexis Maniatis**
**President and Chief Executive Officer**
**The Brattle Group**
**Washington, D.C.**

Mr. Maniatis may offer opinions at trial concerning the matters discussed in his expert report in the case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others: the appropriate method and manner of calculating economic benefit for purposes of any Clean Air Act penalty determination; and the manner in which plaintiffs and their experts purport to calculate an economic benefit.

**Philip May**
**Senior Project Manager**
**RTP Environmental Associates, Inc.**
**Raleigh, North Carolina**

Mr. May may offer opinions at trial concerning the matters discussed in his expert report in the case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others: the regulatory standards applicable to flare efficiency and flare efficiency calculations; the applicability of these standards to flares used at petrochemical and other industrial facilities, including but not limited to those in use at the Baytown Complex; application of these standards to emissions calculations relating to events at the Baytown

Complex; and the proper and appropriate use of flares as emissions control devices.

**Karen N.T. Olson, P.E.**
**Zephyr Environmental Corporation**
**Austin, Texas**

Ms. Olson may offer opinions at trial concerning the matters discussed in her expert report in the case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others: the federal and state air quality regulatory system under which the Baytown Complex operates, including the TCEQ air quality program; application of that regulatory system to the events alleged by the plaintiffs in this case, to fugitive emissions issues, and to the use of flares; and the economic reasonableness of additional capital expenditures, facilities, and equipment proposed by plaintiffs and their witnesses.

**Randy Parmley, P.E.**
**Executive Vice President**
**Sage Environmental Consulting**
**Houston, Texas**

Mr. Parmley may offer opinions at trial concerning the matters discussed in his supplemental report in the case, which is being served on counsel for Plaintiffs. This testimony concerns the following matters, among others: air dispersion modeling performed on various emissions events at the Baytown Complex, including the scientific and engineering basis for the modeling; and the application of industry and regulatory standards to such modeling.

## II.    Non-Retained Witnesses

The ExxonMobil Defendants provide the following supplemental disclosure of potential expert testimony it may offer from certain witnesses who are employed by one or more ExxonMobil entities, or other third-party witnesses who have specialized knowledge relating to matters at issue in the case.  This designation is made under Fed. R. Civ. P. 26(a)(2)(C), to the extent that testimony elicited from any of these witnesses could be construed as expert testimony within the meaning of Fed. R. Evid. 701, et seq. and Fed. R. Civ. P. 26.

1. <u>Jeffrey Kovacs, P.E., CSP</u>:    Mr.  Kovacs  is  employed  as Environmental Supervisor for permitting and release reporting for ExxonMobil at the Baytown Complex.

<u>Summary of Testimony Relevant to Designation</u>:  In addition to matters previously designated, Mr. Kovacs may testify as to ExxonMobil's budgeting processes relating to air quality environmental compliance relative to industry peers; industry practices and regulations that apply to flares as control devices, including vent gas recovery; the accuracy of engineering estimates and calculations associated with events at issue in the case; accuracy of flow data estimations, estimation of reportable quantities of pollutants released with each event, and estimation of stack exit velocity; industry practices with regard to protections employed in underground

piping; ExxonMobil's specifications and leak tolerance for pipes and valves and as compared to industry practice; the recognition and acceptance by TCEQ and EPA rules and air permits that fugitive equipment will leak at times; and the adequacy of fence-line monitoring surrounding the Baytown Complex.

2. <u>Gary D. Robbins</u>:   Mr. Robbins is employed as Environmental Specialist for ExxonMobil at the Baytown Complex.

<u>Summary of Testimony Relevant to Designation</u>:   In addition to matters previously designated, Mr. Robbins may also testify as industry practices and regulations that apply to flares as control devices; accuracy of engineering estimates and calculations associated with estimating emissions related to each event; accuracy of flow data estimations, estimation of reportable quantities of pollutants released with each event, and estimation of stack exit velocity; the recognition and acceptance by TCEQ and EPA rules and air permits that fugitive equipment will leak at times; design, construction, and operation of sulfur plants and sour gas flaring and incineration systems; and the adequacy of fence-line monitoring surrounding the Baytown Complex.

3. <u>Tom Ranna</u>:   Mr. Ranna is employed as Reliability Engineer, Baytown Engineering Services at the Baytown Complex.

<u>Summary of Testimony Relevant to Designation</u>:  Mr. Ranna may testify as to relevant industry standards and practices concerning maintenance of equipment at the Baytown Complex.

    4.  <u>John Sadlier</u>:  Mr. Sadlier is the former Deputy Director of the Office of Compliance and Enforcement of the Texas Commission on Environmental Quality.

<u>Summary of Testimony Relevant to Designation</u>:  Mr. Sadlier may testify as to the federal and state regulatory oversight system under which federal and state environmental laws, including the Clean Air Act, are applied and enforced in the State of Texas by government agencies.  Mr. Sadlier may testify as to the manner in which the Texas Commission on Environmental Quality ("TCEQ") has established a State Implementation Plan for the requirements of the Clean Air Act, and the manner in which TCEQ implements and enforces the requirements of the Act in Texas, through reporting, investigation, and enforcement, as well as the adequacy and effectiveness of TCEQ and EPA enforcement under the regulatory process in place in Texas during the time period at issue in this case.  Mr. Sadlier may testify as to the various laws and regulations that govern permitting, reporting, and environmental compliance measures as part of implementing the requirements of the Clean Air Act.

Respectfully submitted,

By:  _/s/ Eric J.R. Nichols_
Eric J.R. Nichols
State Bar No. 14994900
S.D. Tex. 13066
BECK, REDDEN & SECREST, L.L.P.
515 Congress Avenue, Suite 1750
Austin, Texas  78701
Tel:  (512) 708-1000
Fax:  (512) 708-1002
Email:  enichols@brsfirm.com

ATTORNEY-IN-CHARGE
FOR DEFENDANTS

OF COUNSEL:
BECK, REDDEN & SECREST, L.L.P.
Fields Alexander
State Bar No. 00783528
S.D. Tex. I.D. No. 16427
falexander@brsfirm.com
Jeff M. Golub
State Bar No. 00793823
S.D. Tex. I.D. No. 21606
jgolub@brsfirm.com
Brad Coffey
State Bar No. 24026484
S.D. Tex. I.D. No. 28187
bcoffey@brsfirm.com
Bryon Rice
State Bar No. 24065970
S.D. Tex. I.D.  No. 1118643
brice@brsfirm.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Tel:  (713) 951-3700
Fax:  (713) 951-3720

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading was served through the Court's ECF system and in compliance with the Federal Rules of Civil Procedure on this 15th day of May, 2012 to the following counsel:

Philip J. Hilder
Hilder & Associates, P.C.
819 Lovett Blvd.
Houston, Texas 77006-3905
713-655-9111
713-655-9112 (fax)

David A. Nicholas
20 Whitney Road
Newton, Massachusetts 02460
617-964-1548
617-663-6233 (fax)

Joshua R. Kratka
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, Massachusetts 02108
617-747-4333
617-292-8057 (fax)

/s/ Eric J.R. Nichols
Eric J.R. Nichols