UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
)
ENVIRONMENT TEXAS CITIZEN )
LOBBY, INC., and SIERRA CLUB, )
)
    Plaintiffs, )   Civil Action No. 4:10-cv-4969
 v. )
)
EXXONMOBIL CORPORATION, )
EXXONMOBIL CHEMICAL COMPANY, )
and EXXONMOBIL REFINING AND )
SUPPLY COMPANY, )
)
    Defendants. )
_____)

### DECLARATION OF DAVID A. NICHOLAS IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE EXXONMOBIL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, David A. Nicholas, state as follows:

1. I am one of Plaintiffs' counsel.  I make this declaration in support of Plaintiffs' Response to the ExxonMobil Defendants' Motion for Summary Judgment.  I have personal knowledge of all facts and statements attested to in this declaration.  All exhibits to this declaration that were downloaded from the internet were downloaded on the date appearing at the bottom of the exhibit.  They are accurate depictions of the contents of the web pages on which they

appear. I have confirmed that all web page links I cite in this declaration are "live" links.

2. Attached as Exhibit 1 are true and correct copies of Exxon's initial STEERS submissions for emission events from Exxon's Olefins plant from July 21-23, 2012, for emission events from Exxon's Refinery from July 27, 2012, for emission events from Exxon's Chemical plant from September 1, 2012, and for emission events from Exxon's Refinery from September 11-16, 2012. These documents were all obtained from the State of Texas Environmental Electronic Reporting System ("STEERS") database. All reports on the STEERS database are publicly available at http://www11.tceq.texas.gov/oce/eer/index.cfm.

3. Attached as Exhibit 2 are true and correct copies of excerpts from the deposition of Defendants' expert, Jeff Civins, dated June 26, 2012, as provided by the Court reporter.

4. Attached as Exhibit 3 are true and correct copies of excerpts from Exxon's permit application to expand the Baytown Olefins Plant, dated May 21, 2012. This document is publicly available at the U.S. EPA's website at http://www.epa.gov/region6/6pd/air/pd-r/ghg/exxonmobil-baytown-olefins-app.pdf.

2

5. Attached as Exhibit 4 is a copy of the complaint, filed October 11, 2005, in the lawsuit <u>United States et al. v. Exxon Mobil Corporation and ExxonMobil Oil Corporation</u>, Civil Action No. O5-C-5809 (N. D. Ill.).

6. Attached as Exhibit 5 is a true and correct copy of the full deposition of Jeff Kovacs, dated June 14, 2012, as provided by the Court reporter.

7. Attached as Exhibit 6 is a true and correct copy of Defendants' Objections and Responses to Plaintiffs' Requests.  This document was produced by Defendants on February 27, 2012.

8. Attached as Exhibit 7 is a true and correct copy of Defendants' Objections and Answers to Plaintiffs' First Set of Interrogatories.  This document was produced by Defendants on July 11, 2011.

9. Attached as Exhibit 8 is a true and correct copy of TECQ's Regulatory Air Permit Guidance in Response to Hurricane Ike, dated Sept. 19, 2008. This document is also publicly available at http://www.tceq.state.tx.us/assets/public/response/storm/ike/air.pdf.

10. Attached as Exhibit 9 is a true and correct copy of the Consent decree, filed on January 10, 2011, in <u>Environment Texas v. Chevron Phillips</u>, 4:09-cv-02662 (S.D.Tex.).

11. Attached as Exhibit 10 is a true and correct copy of the expert report of Plaintiffs' Expert, Dr. Ranajit Sahu, dated March 13, 2012 (attachments not included). This document was produced by Plaintiffs during discovery.

12. Attached as Exhibit 11 is a true and correct copy of excerpts of the deposition of Shae Cottar, dated May 14, 2012, as provided by the Court reporter.

13. Attached as Exhibit 12 are summaries of Tables 6A through 6E, which are themselves summaries of Deviation Reports (Docket Entries [76-10 through 76-14]).

14. Attached as Exhibit 13 is a true and correct copy of excerpts of the deposition of Christopher Buehler, dated June 21, 2012, as provided by the Court reporter.

I declare under the penalty of perjury, this 14th day of September, 2012, that the foregoing is true and correct.

_____
David A. Nicholas