UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INC. *and* SIERRA CLUB, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:10-cv-4969 |
| EXXON MOBIL CORPORATION, *et al.*, | § § § § | |
| *Defendants*. | § § | JUDGE DAVID HITTNER |

**FIRST SUPPLEMENTAL WITNESS LIST OF DEFENDANTS
EXXON MOBIL CORPORATION, EXXONMOBIL CHEMICAL
COMPANY, AND EXXONMOBIL REFINING & SUPPLY COMPANY**

Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, and ExxonMobil Refining and Supply Company ("ExxonMobil Defendants") file this First Supplemental Witness List pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and the Court's procedures:

The witnesses the ExxonMobil Defendants expect to call at trial are:

1. Fred Aguilar
   3123 Nebraska
   Baytown, Texas 77520

Mr. Aguilar is a resident of Baytown, Texas, and may be called to testify concerning environmental conditions in the residential neighborhoods surrounding the Baytown Complex, events and other activities at the Baytown Complex at issue

in Plaintiffs' claims and the ExxonMobil Defendants' response to those events and activities, as well as the ExxonMobil Defendants' contributions to the Baytown community and its environment.

    2. Barry Baisden
       5000 Bayway Drive
       Baytown, Texas 77520

Mr. Baisden may be called to testify concerning regulation of emissions and new source review ("NSR") and Title V permit matters concerning the Baytown Complex by federal, state, and local authorities; general oversight and regulation of the Baytown Complex by the TCEQ and the EPA, including but not limited to the terms, conditions, and negotiation of the administrative order entered by TCEQ in Docket No. 2011-2336-AIR-E as well as the consent decree entered into with the U.S. EPA in an enforcement action filed by the EPA in the Northern District of Illinois styled *United States v. Exxon Mobil Corp.,* No. 1:05-cv-05809 (N.D. Ill. Dec. 13, 2005). Mr. Baisden may testify as to compliance by the ExxonMobil Defendants with environmental laws and regulations and permits; policies and practices instituted and maintained at the Baytown Complex with respect to reduction of emissions of pollutants and with respect to continuous improvement of maintenance and operations; and the reductions in emissions at the Baytown Complex resulting from those policies and practices. Mr. Baisden may also testify as to the matters raised by Keith Bowers in his reports or trial testimony.

3. Billy Barnett
   8 Bay Villa
   Baytown, Texas 77520

Mr. Barnett is a resident of Baytown, Texas, and may be called to testify concerning environmental conditions in the residential neighborhoods surrounding the Baytown Complex, events and other activities at the Baytown Complex at issue in Plaintiffs' claims and the ExxonMobil Defendants' response to those events and activities, as well as the ExxonMobil Defendants' contributions to the Baytown community and its environment.

4. Ava Benevides
   3127 Wisconsin
   Baytown, Texas 77520

Ms. Benevides is a resident of Baytown, Texas, and may be called to testify concerning environmental conditions in the residential neighborhoods surrounding the Baytown Complex, events and other activities at the Baytown Complex at issue in Plaintiffs' claims and the ExxonMobil Defendants' response to those events and activities, as well as the ExxonMobil Defendants' contributions to the Baytown community and its environment.

5. Christopher S. Buehler
   10850 Richmond Avenue, Suite 175
   Houston, Texas 77042

Dr. Buehler, an expert, may be called to testify concerning the matters discussed in his initial and supplemental reports in this case. This testimony

concerns the following matters, among others: whether any of the events alleged by the plaintiffs to constitute violations of the Clean Air Act have causes that could properly be termed repeated or recurring; whether the events alleged by Plaintiffs are subject to the statutory affirmative defenses; the cause of emissions events and scheduled maintenance, startup, or shutdown activities ("MMS"); the application of industry standards and practices to relevant design, operations, and maintenance practices and procedures employed at the Baytown Complex; the application of regulatory standards and practices to the methods and practices by which ExxonMobil estimates emissions quantities; comparisons of emissions events and scheduled MMS, and the emissions from them, between the Baytown Complex and other industrial facilities; and the efficacy and advisability of additional capital expenditures, facilities, and equipment proposed by plaintiffs and their witnesses. Further, Dr. Buehler may testify concerning any other matters addressed in his expert reports and/or in his deposition given in this case.

    6. David Cabe
      2600 Via Fortuna, Suite 450
      Austin, Texas 78746

Mr. Cabe, an expert, may be called to testify concerning the matters discussed in his initial and supplemental reports in the case. This testimony concerns the following matters, among others: ambient air quality monitoring and atmospheric dispersion modeling with respect to emissions from the Baytown

Complex; the opinions offered by plaintiffs and their experts with respect to such modeling and monitoring; and the absence of evidence to suggest that certain reportable and recordable events involving emissions from the Baytown Complex caused or contributed to a condition of air pollution or to an exceedance of applicable air quality standards. Further, Mr. Cabe may testify concerning any other matters addressed in his expert reports and/or in his deposition given in this case.

> 7. Jeff Civins
> 600 Congress Avenue, Suite 1300
> Austin, Texas 78701

Mr. Civins, an expert, may be called to testify concerning the matters discussed in his expert report in the case. This testimony concerns the following matters, among others: the federal and state regulatory oversight system under which the Baytown Complex operates; the application of that regulatory oversight system to the events alleged by the plaintiffs in this case; and whether "citizen suit" enforcement of the Clean Air Act is warranted or justified given the scope and extent of regulation of, and enforcement against, the Baytown Complex and emissions from those facilities by governmental entities, including the U.S. Environmental Protection Agency and the Texas Commission on Environmental Quality. Further, Mr. Civins may testify as to any other matters addressed in his expert report and/or his deposition given in this case.

    8. Lucy Fraiser
       400 W. 15th Street
       Austin, Texas 78701

Dr. Fraiser, an expert, may be called to testify concerning the matters discussed in her initial and supplemental reports in the case. This testimony concerns the following matters, among others: the absence of evidence linking air emissions from the Baytown Complex to health effects on local residents or their use and enjoyment of property; the application of relevant and appropriate standards protective of human health to levels of emissions from the Baytown Complex; odor and opacity nuisances and the applicable standards; the appropriateness of air dispersion modeling and analysis of air monitoring data to determine the effects, if any, on surrounding communities from emissions from the Baytown Complex; the regulatory system in place to govern emissions events and determinations of effects, if any, on human health from those emissions; and the Baytown Complex's operation with emissions of pollutants that fall below those levels determined by the appropriate regulatory agencies to be harmful to human health or well-being, or to cause or contribute to conditions of air pollution; and evaluation of the results of ambient air quality monitoring and atmospheric dispersion modeling related to certain reportable and recordable events involving emissions from the Baytown Complex. Further, Dr. Fraiser may testify concerning any other matters addressed in her expert reports and/or in her deposition given in this case.

    9. Jeffrey Kovacs
       5000 Bayway Dr.
       Baytown, Texas 77520

Mr. Kovacs may be called to testify concerning the ExxonMobil Defendants' actions in compliance with the rules, permits, orders, and decrees of

the EPA, TCEQ, and other regulatory and oversight agencies relating to the ExxonMobil Defendants' Baytown Complex, including but not limited to the administrative order entered by TCEQ in Docket No. 2011-2336-AIR-E and the consent decree entered into with the U.S. EPA in an enforcement action filed by the EPA in the Northern District of Illinois styled *United States v. Exxon Mobil Corp.,* No. 1:05-cv-05809 (N.D. Ill. Dec. 13, 2005). Mr. Kovacs may testify as to the ExxonMobil Defendants' actions in recordkeeping, reporting and compliance in general and with respect to the events alleged in Plaintiffs' Complaint. In addition, Mr. Kovacs may testify as to ExxonMobil's budgeting processes relating to air quality environmental compliance in general and relative to industry peers; industry practices and regulations that apply to flares as control devices, including vent gas recovery; the accuracy of engineering estimates and calculations associated with events at issue in the case; accuracy of flow data estimations, estimation of reportable quantities of pollutants released with each event, and estimation of stack exit velocity; industry practices with regard to protections employed in piping; ExxonMobil's specifications and leak tolerance for pipes and valves in general and as compared to industry practice; and the recognition and acceptance by TCEQ and EPA rules and air permits that fugitive equipment will leak at times. Mr. Kovacs also may testify concerning air emissions and emission events at the Baytown Complex generally and in comparison to other facilities in

the Baytown, Texas, area. Mr. Kovacs may also testify as to the policies and practices at the Baytown Complex designed to minimize emission events, as well as emissions generally and from such events. Mr. Kovacs may also testify as to the matters raised by Keith Bowers in his reports or trial testimony. Further, Mr. Kovacs may testify as to any other matters addressed in his deposition given in this case.

>10. M. Alexis Maniatis
>1850 M Street NW
>Washington, DC 20036

Mr. Maniatis, an expert, may be called to testify concerning the matters discussed in his expert reports in the case. This testimony concerns the following matters, among others: the appropriate method and manner of calculating economic benefit for purposes of any Clean Air Act penalty determination; and the manner in which plaintiffs and their experts purport to calculate an economic benefit and the appropriateness of such manner of calculations. Further, Mr. Maniatis may testify concerning any other matters addressed in his expert reports and/or in his deposition given in this case.

>11. Phillip A. May
>304-A West Millbrook Road
>Raleigh, NC 27609

Mr. May, an expert, may be called to testify concerning the matters discussed in his expert report in the case. This testimony concerns the following

matters, among others: the regulatory standards applicable to flare efficiency and flare efficiency calculations; the applicability of these standards to flares used at petrochemical and other industrial facilities, including but not limited to those in use at the Baytown Complex; application of these standards to emissions calculations relating to events at the Baytown Complex; and the proper and appropriate use of flares as emissions control devices. Further, Mr. May also may testify concerning any other matters addressed in his expert report and/or in his deposition given in this case.

12. Gordon Guy Miles
    1903 Decker Drive
    Baytown, Texas 77520
    (281) 427-4876

Mr. Miles is a citizen of Baytown and may be called to testify concerning environmental conditions in the residential neighborhoods surrounding the Baytown Complex, events and other activities at the Baytown Complex at issue in Plaintiffs' claims and the ExxonMobil Defendants' response to those events and activities, as well as the ExxonMobil Defendants' contributions to the Baytown community and its environment.

13. Karen N.T. Olson
    2600 Via Fortuna, Suite 450
    Austin, Texas 78746

Ms. Olson, an expert, may be called to testify concerning the matters discussed in her expert report in the case. This testimony concerns the following

matters, among others: the federal and state air quality regulatory system under which the Baytown Complex operates, including the TCEQ air quality program; application of that regulatory system to the events alleged by the plaintiffs in this case, to fugitive emissions issues, and to the use of flares; and the economic reasonableness of additional capital expenditures, facilities, and equipment proposed by plaintiffs and their witnesses. Further, Ms. Olson may testify concerning any other matters addressed in her expert report and/or in her deposition given in this case.

       14. Randy D. Parmley
           12727 Featherwood, Suite 210
           Houston, Texas 77034

Mr. Parmley, an expert, may be called to testify concerning the matters discussed in his initial and supplemental expert reports in the case. This testimony concerns the following matters, among others: air dispersion modeling performed on various emissions events at the Baytown Complex, including the scientific and engineering basis for the modeling; and the application of industry and regulatory standards to such modeling. Further, Mr. Parmley may testify concerning any other matters addressed in his expert reports and/or in his deposition given in this case.

    15. Tom Ranna
        3525 Decker Drive
        Baytown, Texas 77520

Mr. Ranna may be called to testify concerning the actions taken by the ExxonMobil Defendants to create and implement a maintenance and reliability plan at the ExxonMobil Defendants' Baytown Complex. Mr. Ranna may testify as to the costs associated with such maintenance and capital upgrades, both in general and relative to the industry. Mr. Ranna also may testify as to relevant industry standards and practices concerning maintenance of equipment generally and at the Baytown Complex. Mr. Ranna may testify as to ExxonMobil's specifications and leak tolerance for pipes and valves in general and as compared to industry practice; and the recognition and acceptance by TCEQ and EPA rules and air permits that fugitive equipment will leak at times. Mr. Ranna may also testify as to the policies and practices designed to maximize reliability of the equipment at the Baytown Complex. Mr. Ranna may also testify as to the matters raised by Keith Bowers in his reports or trial testimony. Further, Mr. Ranna may testify as to any other matters addressed in his deposition given in this case.

    16. Gary Robbins
        3525 Decker Drive
        Baytown, Texas 77520

Mr. Robbins may be called to testify concerning the ExxonMobil Defendants' actions in compliance with the rules, permits, orders, and decrees of

the EPA and TCEQ relating to the ExxonMobil Defendants' Baytown Complex, including but not limited to the administrative order entered by TCEQ in Docket No. 2011-2336-AIR-E and the consent decree entered into with the U.S. EPA in an enforcement action filed by the EPA in the Northern District of Illinois styled *United States v. Exxon Mobil Corp.,* No. 1:05-cv-05809 (N.D. Ill. Dec. 13, 2005). Mr. Robbins may testify as to the ExxonMobil Defendants' actions in recordkeeping, reporting and compliance with respect to the events alleged in Plaintiffs' Complaint. In addition, Mr. Robbins also may testify concerning industry practices and regulations that apply to flares as control devices; accuracy of engineering estimates and calculations associated with estimating emissions related to each event; accuracy of flow data estimations, estimation of reportable quantities of pollutants released with each event, and estimation of stack exit velocity; the recognition and acceptance by TCEQ and EPA rules and air permits that fugitive equipment will leak at times; design, construction, and operation of sulfur plants and sour gas flaring and incineration systems. Mr. Robbins also may testify concerning air emissions and emission events at the Baytown Complex generally and in comparison to other facilities in the Baytown, Texas, area. Mr. Robbins may also testify as to the policies and practices at the Baytown Complex designed to minimize emission events, as well as emissions generally and from such events. Mr. Robbins may also testify as to the matters raised by Keith

Bowers in his reports or trial testimony. Further, Mr. Robbins may testify as to any matters addressed in his deposition given in this case.

    17. John Sadlier
        19204 Boulder Crest
        Pflugerville, TX 78660

Mr. Sadlier may be called live or by deposition to testify regarding actions taken by the Texas Commission on Environmental Quality ("TCEQ") and other government agencies in the federal and state regulatory oversight system under which federal and state environmental laws, including the Clean Air Act ("CAA"), are applied and enforced in the State of Texas by government agencies, as well as the oversight and actions of TCEQ and U.S. Environmental Protection Agency ("EPA") with respect to events at the Baytown Complex during the relevant time period at issue in this case. Mr. Sadlier may testify as to the negotiation, terms, and conditions of the administrative order entered by TCEQ in Docket No. 2011-2336-AIR-E. Mr. Sadlier may testify as to the manner in which TCEQ has established a State Implementation Plan for the requirements of the CAA, and the manner in which TCEQ implements and enforces the requirements of the CAA in Texas, through reporting, investigation, and enforcement, as well as the adequacy and effectiveness of TCEQ and EPA enforcement under the regulatory process in place in Texas during the time period at issue in this case. Mr. Sadlier may testify as to the various laws and regulations that govern permitting, reporting, and

environmental compliance measures as part of implementing the requirements of the CAA and as to discussions with representatives of Plaintiffs relating to these matters. Further, Mr. Sadlier may testify concerning any other matters addressed in his deposition given in this case.

> 18. Mark Vickery
> 426 Vyvjala Rd.
> Smithville, Texas 78957

Mr. Vickery may be called to testify concerning actions taken by TCEQ and other government agencies in the federal and state regulatory oversight system under which federal and state environmental laws, including the CAA, are applied and enforced in the State of Texas by government agencies, as well as the oversight and actions of TCEQ and EPA with respect to events at the Baytown Complex under the regulatory process in place in Texas during the relevant time period at issue in this case, including but not limited to the administrative order entered by TCEQ in Docket No. 2011-2336-AIR-E. In addition, Mr. Vickery may be called to testify concerning the various laws and regulations that govern permitting, reporting, and environmental compliance measures as part of implementing the requirements of the CAA. Further, Mr. Vickery may testify as to any matters addressed in his deposition given in this case.

The ExxonMobil Defendants also designate all persons listed by Plaintiffs on their trial witness list, to the extent the ExxonMobil Defendants may call these persons by way of rebuttal or in response to testimony provided by Plaintiffs.

The ExxonMobil Defendants reserve the right to call persons not listed on this witness list who may be called in rebuttal to issues raised at trial by Plaintiffs that cannot be reasonably anticipated at this time.

          Respectfully submitted,

          BECK | REDDEN, L.L.P.

          By: /S/ *Eric J.R. Nichols*
                Eric J.R. Nichols
                State Bar No. 14994900
                Fed. ID No. 13066
                515 Congress Avenue, Suite 1750
                Austin, Texas 78701
                Tel: 512-708-1000
                Fax: 512-708-1002
                Email: enichols@beckredden.com

          **ATTORNEY-IN-CHARGE**
          **FOR DEFENDANTS**

**OF COUNSEL:**
BECK | REDDEN, L.L.P.
Fields Alexander
State Bar No. 00783528
Fed. ID No. 16427
falexander@beckredden.com
Brad Coffey
State Bar No. 24026484
Fed. ID No. No. 28187
bcoffey@ beckredden.com
Bryon A. Rice
State Bar No. 24065970
Fed. ID No. 1118643
brice@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
Tel:  713-951-3700
Fax:  713-951-3720

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing pleading was served through the Court's ECF system and in compliance with the Federal Rules of Civil Procedure on this 18th day of February, 2014 to the following counsel:

Mr. Philip J. Hilder
HILDER & ASSOCIATES, P.C.
819 Lovett Blvd.
Houston, Texas 77006-3905
Tel: 713-655-9111
Fax: 713-655-9112

Mr. David A. Nicholas
20 Whitney Road
Newton, Massachusetts 02460
Tel: 617-964-1548
Fax: 617-663-6233

Mr. Joshua R. Kratka
NATIONAL ENVIRONMENTAL LAW CENTER
44 Winter Street, 4th Floor
Boston, Massachusetts 02108
Tel: 617-747-4333
Fax: 617-292-8057

/s/   *Bryon A. Rice*
Bryon A. Rice