United States District Court
Southern District of Texas
**ENTERED**
August 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INCORPORATED; SIERRA CLUB, <br><br>Plaintiffs, <br><br>v. <br><br>EXXONMOBIL CORPORATION; EXXONMOBIL CHEMICAL COMPANY; EXXONMOBIL REFINING & SUPPLY COMPANY, <br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. H-10-4969 |

ORDER

On May 27, 2016, the United States Court of Appeals for the Fifth Circuit vacated the Court's judgment and remanded the case for further action consistent with the opinion in *Environment Texas Citizen Lobby, Inc. v. ExxonMobil Corporation*, No. 15-20030. The case mandated to this Court on August 24, 2016. The Fifth Circuit determined this Court erred in the analysis of Counts I through IV and abused its discretion in assessing the following Clean Air Act ("CAA") penalty factors: (1) economic benefit of noncompliance: (2) duration of the violation; and (3) seriousness of the violation. Pursuant to the Fifth Circuit's instructions on remand, the Court will issue a new judgment that addresses the

errors on Counts I through IV and the three CAA penalty factors. The Court will not disturb its findings of fact and conclusions of law from the prior order as to Counts V through VII and the four additional CAA penalty factors.[1] Accordingly, the Court sets the following briefing schedule for the parties and hereby

**ORDERS** that the parties shall submit revised proposed findings of fact and conclusions of law consistent with the Fifth Circuit's opinion as to Counts I through IV, the CAA penalty factors on which error was found, and the requisite analysis of whether penalties should be assessed for any actionable violation under these factors. The revised proposed findings of fact and conclusions of law are ordered limited to the foregoing scope, except to the extent it is necessary to incorporate the Court's previous findings of fact and conclusions of law that were undisturbed by or upheld in the Fifth Circuit's opinion.[2] The revised proposed

---

[1] The finding of error as to three of the penalty factors will necessitate determining whether penalties should be assessed pursuant to the CAA when balancing all the factors with a new analysis of three previously erroneous factors; however, the Court will not reconsider its original analysis of the four individual factors for which there was no error.

[2] Although the Fifth Circuit found there was no error on Count VII, the CAA penalty factors for compliance history and good faith efforts to comply, the denial of the declaratory judgment, and the denial of the permanent injunction, the Fifth Circuit vacated the judgment in whole rather than in part. Accordingly, on remand the Court will issue a new judgment consistent with the Fifth Circuit's instructions but will not alter the judgment as to the prior findings of fact and conclusions of law that were not within the scope of the Fifth Circuit's findings of error and instructions on remand. The parties should incorporate the Court's prior findings of fact and conclusions of law into the revised proposed findings of fact and conclusions of law as appropriate.

findings of fact and conclusions of law shall be submitted to the Court by October 31, 2016. Furthermore, the Court hereby

**ORDERS** that the parties may submit a response to the revised proposed findings of fact and conclusions of law no later than November 21, 2016.

SIGNED at Houston, Texas, on this **29** day of August, 2016.

DAVID HITTNER
United States District Judge

3