IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INC. *and* SIERRA CLUB, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-10-4969 |
| EXXONMOBIL CORPORATION, EXXONMOBIL CHEMICAL COMPANY, *and* EXXONMOBIL REFINING AND SUPPLY COMPANY, | § § § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is The ExxonMobil Defendants' Motion to Alter or Amend the Judgment and Findings (Document No. 260). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

The Court entered a final judgment in the above-titled matter on April 26, 2017. On May 24, 2017, Exxon moved to alter or amend the judgment in five respects, as to: (1) the calculation of the economic benefit of noncompliance factor; (2) the Court's increase of the base penalty by fifty percent; (3) the affirmative

defense findings; (4) the calculation of the "days of violations"; and (5) the credit for prior payment of penalties factor.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As such, the "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* The Court addresses Exxon's grounds for altering or amending the judgment in turn pursuant to this standard.

A. *Calculation of the Economic Benefit of Noncompliance Factor*

Exxon contends the Court should recalculate its finding as to the amount of economic benefit Exxon received from noncompliance because the finding utilized an erroneous start date. Plaintiffs contend the Court did not err in its finding because the touchpoint for calculating when noncompliance began is when the violations of the Clean Air Act commenced and the Court utilized the outset of the limitations period for the violations as the start date.

2

The Fifth Circuit's opinion makes clear that the penalty factor is based on noncompliance with the Clean Air Act ("CAA")—not a project proposed in the 2012 Agreed Order. *See Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 528 (2016) ("Caselaw makes clear that 'economic benefit' in the penalty context can be calculated as the 'benefit realized by a violator from delayed expenditures to comply with the Act.'"). Here, the noncompliance with the CAA began when the permit violations began; whether the four TCEQ projects included in the 2012 Agreed Order could have been required by the TCEQ is not relevant to the factor's analysis. The relevant noncompliance for this factor is noncompliance with the statute, not noncompliance with an order by a regulatory entity.

Further, the analysis on this factor requires a court to consider whether delayed expenditure would have been necessary to correct the underlying CAA violations. *See id.* at 530 ("both the approaches to calculating economic benefit identified in our caselaw require some showing that delayed expenditures would be 'necessary to correct' the violations at in the suit"). Plaintiffs did not sue because Exxon failed to implement the four TCEQ projects. Plaintiffs sued on the actionable permit violations under the CAA. The "necessary to correct" step of the analysis, therefore, further clarifies that the touchpoint for this factor is the start of the violations in the suit. Because the relevant touchpoint is the start of noncompliance with the CAA, the Court finds no error with beginning the

3

calculation of the economic benefit received at the outset of the limitations period for the violations of the Act.[1] Accordingly, the Court denies Exxon's motion to alter or amend its finding on the economic benefit of non-compliance factor.

B.  *The Court's Imposition of a Fifty Percent Penalty Increase*

Exxon contends the Court acted arbitrarily in assessing a fifty percent enhancement from the economic benefit from noncompliance base because it did not properly account for the finding on the good faith effort to comply factor. Plaintiffs contend the Court acted within its discretion in assessing the penalty. The Court reiterates its previous finding: "The Court determines, considering its finding that Exxon made a good faith effort to comply, the amount is sufficient to account for the factors that weighed towards assessing a penalty. The majority of the factors weigh towards imposing a penalty, which the Court determines justifies an increase from the base economic benefit from noncompliance number."[2] The

---

[1] Further, the Court notes the Fifth Circuit—in directing this Court to enter findings based on Shefftz's expert testimony—noted that "Shefftz took implementation dates from the order itself and cost estimates from one of Exxon's environmental coordinators and used those figures to calculate the overall benefit from delaying implementation of the TCEQ projects between 2005 and 2012." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 529 (2016). The Fifth Circuit stated the dates that encompassed Shefftz's calculations: 2005 to 2012. *See id.* If as Exxon contends, non-compliance could not begin as a matter of law until the 2012 Agreed Order, any failure to consider Shefftz's testimony and enter findings would have been harmless error and would not have required remand on the issue. Instead, the Court was instructed to make findings based on Shefftz's testimony on remand.

[2] *Revised Findings of Fact & Conclusions of Law*, Document No. 257, Part III, ¶ 78.

4

Court further clarifies for the record, that without the finding of the good faith effort to comply, the penalty multiplier might have been higher given the seriousness and the duration factor findings. The Court did not merely count factors as Exxon contends; the Court weighed the factors and in its discretion accounted for its finding that Exxon made a good faith effort to comply. Accordingly, the Court denies the motion to alter or amend its judgment as to the amount of the penalty assessed.

C.   *The Affirmative Defenses*

Exxon contends the Court should amend its findings on the affirmative defenses asserted because the defenses were adequately supported by the evidence. Plaintiffs contend (1) Exxon failed to initially offer adequate evidentiary support; (2) the Court was directed to evidence showing the deficiencies for each affirmative defense asserted; and (3) any error by the Court would be harmless given the relatively small number of violations covered by the affirmative defenses.

On remand, Exxon in its proposed revised findings of fact and conclusions of law directed the Court to its previous submissions to find the evidentiary support for the affirmative defenses.[3] The Court in turn reviewed in full the previous

---

[3] *Defendants' Notice of Filing Proposed Revised and Supplemental Findings of Fact and Conclusions of Law*, Document No. 252, Exhibit 1, ¶ 32 *([Proposed] Revised and Supplemental Findings of Fact and Conclusions of Law*).

5

proposed findings of fact and conclusions of law as to the affirmative defenses.[4] The paragraphs to which Exxon directed the Court merely state that the TCEQ determined the specific event met the affirmative defense criteria under Texas law.[5] Exxon then has eleven paragraphs that include general citations to expert testimony and reports in support of the affirmative defenses.[6] Exxon had the burden of proof on its affirmative defenses to prove all eleven statutory elements of the affirmative defense for each event. The Court found that, by failing to provide pinpointed evidentiary support demonstrating the affirmative defense criteria for each event were met,[7] Exxon failed to carry its evidentiary burden. Exxon now submits an exhibit purported to provide evidentiary support sufficient to meet that burden of proof. Exxon could have submitted this summary of evidence in support prior to the Court's entry of judgment with its proposed findings of fact and conclusions of law following remand. Exxon did not, and the Court finds Exxon cannot now meet its burden to show a manifest error that allows the new exhibit to

---

[4] *See The ExxonMobil Defendants' Notice of Filing of Proposed Findings of Fact and Conclusions of Law*, Document No. 216, Exhibit 1, ¶¶ 476–687 *([Proposed] Findings of Fact and Conclusions of Law)*.

[5] *[Proposed] Findings of Fact and Conclusions of Law*, *supra* note 4, ¶¶ 476–676.

[6] *[Proposed] Findings of Fact and Conclusions of Law*, *supra* note 4, ¶¶ 677–687.

[7] The Court notes the record in this case contains several thousand pages of exhibits and transcripts, in addition to well-over a thousand pages of briefing between the various iterations of the proposed findings of fact and conclusions of law and the respective responses.

be considered on a Rule 59(e) motion. Accordingly, the Court denies Exxon's motion to alter or amend the judgment as to the affirmative defenses.

D.   *Days of Violations Count on Counts I and II*

Exxon contends the Court utilized an incorrect definition of the term "days of violation" resulting in utilizing an incorrect count and that the Plaintiffs' spreadsheets contained erroneous counts, even utilizing Plaintiffs' method of counting. Plaintiffs contend the Court utilized the proper definition of "days of violation" and Exxon waived any error in the stipulated tables by not previously objecting.

First, there is no manifest error of law in counting more than one violation of an emission standard occurring on the same day as a separate daily penalty. *See* 42 U.S.C. § 7412(b); *Atl. States Legal Found. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1138–39 (11th Cir. 1990) (holding multiple violations of the Clean Water Act on the same day are subject to separate daily penalties).[8] Second, the Court finds Exxon waived its argument as to whether the tallies on the stipulated tables are correct. Even assuming Exxon did not need to object to the counts at the time of trial, and would not have raised the issue on appeal as the initially prevailing party, it had the opportunity to do so on the briefing following remand. Exxon had the

---

[8] Interpretations of the Clean Water Act provision are instructive when analyzing a CAA provision. *See United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries*, 150 F.3d 329, 338 n.9 (3d Cir. 1998).

opportunity on remand both to file its own proposed findings of fact and conclusions of law and to respond to Plaintiff's proposed findings of fact and conclusions of law.[9] Exxon did not call any purported counting errors to the Court's attention at that time. Having no previous objection to the exhibits on file, the Court will not now go back post-judgment and revisit the evidence submitted. Accordingly, the Court denies Exxon's motion to alter or amend the "days of violations" count for Counts I and II.

E.   *Prior Payment of Penalty Factor*

Exxon contends the Court should revisit the amount of the prior penalties paid credit calculation because the alleged errors only became relevant upon the Court assessing a penalty on remand. Plaintiffs contend the issue is not properly raised at this time. Although the Court limited the scope of proposed findings of fact and conclusions of law on remand to the issues affected by the Fifth Circuit's ruling, Exxon was aware the Court might adopt the Plaintiffs' new proposal and assess penalties. Exxon was given an opportunity to respond to the Plaintiffs' proposal following remand. At that time, Exxon could have requested leave of the Court to address the prior penalties paid factor if it felt it would be prejudiced by the Court's limitation of the briefing in the event the Court assessed penalties

---

[9] The Court further notes that it imposed no pages limits on either the proposed findings of fact and conclusions of law following remand or the responses thereto. See *Order*, Document No. 251.

against Exxon. It did not do so and the Court finds the issue is now waived. Accordingly, the Court denies Exxon's motion to alter or amend the judgment as to the credit for penalties paid.

Accordingly, the Court hereby

**ORDERS** that The ExxonMobil Defendants' Motion to Alter or Amend the Judgment and Findings (Document No. 260) is **DENIED**.

SIGNED at Houston, Texas, on this **31** day of July, 2017.

DAVID HITTNER
United States District Judge