UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENVIRONMENT TEXAS CITIZEN LOBBY, INC.,
and SIERRA CLUB,

        Plaintiffs,                                C.A. No. 4:10-cv-4969

    v.

EXXONMOBIL CORPORATION,
EXXONMOBIL CHEMICAL COMPANY, and
EXXONMOBIL REFINING AND SUPPLY COMPANY,

        Defendants.

### PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO REVISED EXHIBITS

Plaintiffs submit this response to the Exxon Defendants' Objections to Plaintiffs' Revised Exhibits Filed With Proposed Findings of Fact and Conclusions of Law ("Def. Obj.") (ECF No. 300). For the reasons set forth below, Exxon's objections are unfounded and should be rejected.

The entire premise of Exxon's objections is faulty: Plaintiffs are not seeking to "alter and add to the evidentiary record." Def. Obj., p. 2 ("'revised exhibits' would not be admissible ... under Rule 1006"). Rather, Plaintiffs have merely provided demonstrative exhibits for the Court's convenience. The revised versions of the spreadsheets of violations are not themselves evidence; they are intended to

assist the Court by identifying, in an efficient format, the specific parts of the voluminous trial record that the Fifth Circuit has directed this Court to review on remand. *See Stoker v. Stemco, L. P.*, 571 Fed.Appx. 326, 327 (5th Cir. 2014) ("Federal Rule of Evidence 1006 does not apply because Rule 1006 does not bar a demonstrative exhibit where the underlying documents are admitted into evidence."); *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.,* 730 F.3d 701, 705 (7th Cir. 2013) (demonstrative exhibit is "not itself evidence – but a persuasive, pedagogical tool created and used by a party").

In fact, *both parties* have done exactly what Plaintiffs have done here, which is to provide the Court with demonstrative exhibits based on the stipulated spreadsheets of violations at issue. Consequently, Exxon's evidentiary objections are not only completely inapposite but also inconsistent with its own filings in this limited remand proceeding.

At trial, Plaintiffs submitted voluminous stipulated spreadsheets (Plaintiffs' Exhibits 1A through 7E) containing undisputed information that Exxon had either reported to the Texas Commission on Environmental Quality or maintained in its own records regarding the alleged violations in this case. *See, e.g., Env't Tex. Citizen Lobby v. ExxonMobil Corp.*, No. H-10-4969, 2017 WL 2331679, at *16 (S.D. Tex. April 26, 2017) (information in exhibits supporting violations under Count I is "undisputed"). Plaintiffs also submitted spreadsheets (Plaintiffs'

Exhibits 587 through 603) that "correspond to the stipulated spreadsheets, the only difference being a column added containing Plaintiffs' 'number of days of violation' calculations." *Id.* at *12. The Court admitted these exhibits into evidence and relied on them in making its findings regarding liability. *E.g., id.* at *16.

On the first remand of this case, the Court took into consideration Plaintiffs' re-sorted versions of Plaintiffs' Exhibits 587 through 594, after reviewing them and finding "they are consistent with the spreadsheets initially submitted at trial." *Id.* at *16 n.176. These versions of the original trial exhibits "showed how repeated violations ... were identified and calculated" and also grouped violations by duration. *Id.* The Court did not admit these re-sorted exhibits into evidence, but properly considered them as demonstrative aids in performing its own analysis of the trial evidence on remand. Plaintiffs offer the revised exhibits here for the same purpose.

Indeed, Exxon has done precisely the same thing. It has taken one of Plaintiffs' violations spreadsheets and adapted it to highlight the five STEERS events that, Exxon claims (contrary to the Fifth Circuit's opinion), are the only "traceable" violations in this case. *See* ECF No. 298-2.

Yet Exxon asserts, without explanation, that the revised spreadsheets submitted here by Plaintiffs would not "meet the test for relevant evidence under

3

Fed. R. Evid. 401 or competent opinion evidence under Fed. R. Evid. 701, 702." Def. Obj., p. 2. The revised spreadsheets are clearly relevant: they present Plaintiffs' application of the Fifth Circuit's criteria for traceability to each one of the thousands of violations previously found by this Court, and thereby provide Plaintiffs' view on whether it is "more or less probable," for each violation, that the violation was fairly traceable to the types of injuries suffered by Plaintiffs' members – facts that are "of consequence in determining [this] action." Fed. R. Evid. 401(a) and (b). And the revised spreadsheets do not purport to provide opinion evidence: as discussed in more detail below, each traceability code added to the spreadsheets of violations only reflects factual information already in the trial record and/or relevant legal authority. *See* Plaintiffs' Proposed Findings of Fact and Conclusions of Law on Limited Remand ("Pl. FOF"), ECF No. 297-1, pp. 7-20. That the spreadsheets provide Plaintiffs' positions as to the applicability of the Fifth Circuit's ruling to the evidence adduced at trial does not affect their propriety. "'The essential requirement is not that the charts be free from reliance on any assumptions, but rather that these assumptions be supported by evidence in the record.'" *U.S. v. Buck*, 324 F.3d 786, 791 (5th Cir. 2003) (citation omitted).

Exxon's more specific objections to Plaintiffs' revised spreadsheets are similarly devoid of merit. Plaintiffs address each in turn.

4

1. Contrary to Exxon's suggestion, Plaintiffs did meet their burden to prove traceability "at trial," Def. Obj., p. 3, and they do not submit the revised spreadsheets as a means of *supplementing* the factual record already before the Court. These spreadsheets add no new facts to the trial record; rather, they match trial evidence with individual violations, and therefore demonstrate proof of traceability individually and not, as Exxon suggests, "*en masse.*" *Id.*; *cf. Environment Texas Citizen Lobby, et ano. v. ExxonMobil Corporation*, 968 F.3d 357, 371 (5th Cir. 2020) (district court's prior findings "support traceability for a substantial number of Exxon's violations," including emissions involving flaring, smoke, and multiple-day events).

2. Exxon's complaint that Plaintiffs' traceability codes are "based on Plaintiffs' interpretation of data regarding on-site observations of emissions events by Exxon personnel" is not an evidentiary objection. Def. Obj., p. 3. Plaintiffs simply applied the Fifth Circuit's traceability criteria to undisputed facts stipulated to by Exxon in the violation spreadsheets – such as that a pollutant was emitted from a flare. Exxon's real argument is not with Plaintiffs' revised spreadsheets, but with the Fifth Circuit's holding that Plaintiffs' aesthetic injuries from flaring are traceable to each violation involving flares, *Env't Texas*, 968 F.3d at 366-67, 371. Exxon has already attacked that holding in its own proposed findings. *See*

5

Defendants' Proposed Findings of Fact and Conclusions of Law ("Def. FOF"), ECF No. 298-1, pp. 27-30, ¶¶ 6K-6L.

 3. Exxon objects to Plaintiffs' citation to established legal authority regarding certain basic facts of which this Court can take judicial notice. Def. Obj., p. 3 (referencing Pl. FOF, pp. 8-11). That "opacity" is a measurement of emissions of smoke, that particulate matter is a component of smoke, and that ground-level ozone contributes to smog, which is visible haze, are facts "generally known within the trial court's territorial jurisdiction," and are proper subjects of judicial notice. *See* Fed. R. Evid. 201(b)(1). Moreover, Plaintiffs went a step further, and provided both record cites and legal authority from which these facts could "be accurately and readily determined." Fed. R. Evid. 201(b)(2). Exxon does not, and cannot, actually dispute any of these facts. Indeed, Exxon's own witnesses confirmed these very facts at trial. *See* Tr. 3-15:22 – 17:14 (Kovacs) (defining relationship between opacity and particulate matter: opacity is a measurement of smoke/particulate matter, as from a flare; the higher the opacity the higher the levels of particulate matter); Tr. 3-40:11-16 (Kovacs) (opacity is a measurement of the thickness of the smoke from an emission event); Tr. 11-267:22-25 (Buehler) ("'opacity' is just a fancy word for 'smoke'"); Tr. 8-200:20 – 201:5 (Cabe) (acknowledging EPA's determination that ground-level ozone is smog).

4. Exxon misconstrues Plaintiffs' proposed findings by claiming Plaintiffs take the position that traceability is "based on an arbitrary 'one pound' threshold for the release of pollutants." Def. Obj., p. 4. Based on this mischaracterization, Exxon argues that Plaintiffs' revised spreadsheets "are thus unreliable and do not summarize any evidence at trial." *Id.* In fact, Plaintiffs take no such position. Rather, as is clearly set forth in their proposed findings, Plaintiffs simply proposed removing emissions of one pound or less from the Court's traceability analysis – a position which is consistent with language in the Fifth Circuit opinion. Pl. FOF, pp. 7, 21. There is no rational basis for the suggestion that removing these smaller violations from consideration renders the evidence in the trial record supporting the traceability of other violations any less reliable.

5. Finally, Exxon falsely claims that Plaintiffs are "re-categorizing" certain recordable emission events as reportable events. Def. Obj., pp. 4-5. Plaintiffs are doing no such thing. The Fifth Circuit held that any unlawful pollutant emission that "could cause or contribute either to (a) chemical odors or (b) allergy-like or respiratory symptoms" was traceable to Plaintiffs' members' injuries if, *inter alia*, "the … emission had to be reported under Texas regulations." *Env't Texas*, 968 F.3d at 371. The Fifth Circuit explained that this was a reference to "emissions of pollutants that, though not permitted in any amount, were nevertheless of a 'reportable quantity' under state regulations. *See* 30 Tex. Admin. Code §

7

101.1(89)." *Id.* at 370-71.  Consistent with this directive, Plaintiffs compared two sets of numbers:  (1) Exxon's stipulations regarding the amounts of each pollutant it unlawfully emitted that can cause chemical odors or allergy-like or respiratory symptoms, and (2) the "reportable quantity" for that pollutant established under 30 Tex. Admin. Code § 101.1(89).  Plaintiffs then identified those violations that exceeded the applicable reportable quantity.  *See* Pl. FOF, p. 17; Description of Revised Versions of Plaintiffs' Exhibits 587-88 & 591-94, ECF No. 297-2, pp. 5-6.  Plaintiffs take no position as to whether Exxon should have treated these as STEERS events at the time they occurred.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court reject Exxon's objections and take Plaintiffs' revised spreadsheets into consideration as demonstrative exhibits when making its findings regarding traceability.

Dated:  November 16, 2020

Respectfully submitted,

/s/ Philip J. Hilder
Philip J. Hilder
State Bar No. 09620050
Southern District of Texas Bar No. 2474
Hilder & Associates, P.C.
819 Lovett Blvd.
Houston, Texas  77006-3905
(713) 655-9111 (phone)

/s/ David A. Nicholas
David A. Nicholas
S.D. Tex. Bar No. 89667
20 Whitney Road
Newton, Massachusetts  02460
(617) 964-1548 (phone)
(617) 663-6233 (fax)

| | |
|---|---|
| (713) 655-9112 (fax) | */s/ Joshua R. Kratka* |
| | Joshua R. Kratka |
| | S.D. Tex. Bar No. 962922 |
| ATTORNEY-IN-CHARGE | National Environmental Law Center |
| FOR PLAINTIFFS | 294 Washington Street, Suite 500 |
| | Boston, Massachusetts  02108 |
| Counsel for Plaintiffs | (617) 747-4333 (phone) |
| | (617) 292-8057 (fax) |
| | |
| | Charles C. Caldart (pro hac vice) |
| | National Environmental Law Center |
| | 1402 Third Ave., Suite 618 |
| | Seattle, Washington 98101 |
| | (206) 568-2853 (phone) |
| | (206) 568-2858 (fax) |

## CERTIFICATE OF SERVICE

I, Joshua R. Kratka, certify that on November 16, 2020, I served the foregoing on Defendants' counsel by the Court's ECF system.

*/s/ Joshua R. Kratka*
Joshua R. Kratka